# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CLARENCE PARKER,

:

    Petitioner,                          Case No. 1:07-cv-248

:          District Judge S. Arthur Spiegel
  -vs-                                 Chief Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,

:

    Respondent.

---

## REPORT AND RECOMMENDATIONS

---

Petitioner Clarence Parker brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain relief from the ten year sentence of incarceration he is presently serving in Respondent's custody. He pleads one ground for relief:

> **Ground One:** The trial court erred in sentencing petitioner to a greater sentence than what state law authorized on the basis of the jury verdict alone.
>
> **Supporting Facts:** Petitioner's constitutional rights were violated because the trial court imposed a sentence greater than the maximum it could have imposed under state law after making additional findings of fact after a jury trial. The trial court could not have imposed a five year sentence on each count or imposed consecutive sentences solely on the basis of the jury verdict alone.

(Petition, Doc. No. 1, at 4.)

Petitioner was convicted by a jury in the Hamilton County Common Pleas Court of one count of failure to comply with an order or signal of a police officer in violation of Ohio Revised Code § 2921.331(B) and one count of vehicular assault in violation of Ohio Revised Code § 2903.08(A)(2).

He was thereupon sentenced to the maximum term of incarceration – five years – on each count of conviction and ordered to serve those sentences consecutively. He appealed unsuccessfully to the First District Court of Appeals and the Ohio Supreme Court declined to exercise jurisdiction. He then filed the instant Petition, raising the claim set forth above.

Respondent acknowledges that the Petition is timely filed, that Petitioner has exhausted all available state court remedies, and that the claim is preserved for federal merits review against any possible claim of procedural default. Instead, Respondent asserts that the claim is without merit because the First District Court of Appeals is an objectively reasonable application of clearly established federal law as enunciated by the United States Supreme Court.

When a state court decides a federal constitutional claim later submitted to the federal courts in habeas corpus, the federal court must defer to the state court decision unless it is contrary to or an objectively unreasonable application of federal law as clearly established by decisions of the United States Supreme Court.

> In *Williams [ v. Taylor*, 529 U.S.362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).], the Court held that an "unreasonable application" of clearly established federal law established by Supreme Court precedent occurs if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." 120 S. Ct. at 1520. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable." *Id.* Although the Court failed to specifically define "objectively reasonable," it observed that "an unreasonable application of federal law is different than an incorrect application of federal law." *Id.* at 1522. Thus, even if we believe that a state court incorrectly applied federal law, we must refuse to issue the writ of habeas corpus if we find that the state court's decision was a reasonable one."

*Machacek v. Hofbauer*, 213 F.3d 947, 953-54(6th Cir. 2000).

Petitioner's Memorandum in support of his Petition makes it clear that he relies on *Blakely*

-2-

*v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004). There the Court held that any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. The Ohio Supreme Court has found that *Blakely* renders the Ohio sentencing scheme, adopted by Senate Bill 2 in 1996, unconstitutional. *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006).

The First District Court of Appeals considered Petitioner's *Blakely* claim on the merits. It found that the trial judge had relied on two distinct findings to justify the maximum sentences: Petitioner's prior felony convictions and that the offenses as committed by Petitioner were the "worst form" of each of the offenses (Opinion, Ex. I to Return of Writ, Doc. No. 4-3, at 36.) The latter of these two findings violated *Blakely*, but the prior finding, which was sufficient standing alone under state law to justify the maximum sentence, did not violate *Blakely*.

The Court of Appeals does not completely spell out its reasoning, but the reason why reliance on a prior conviction or convictions not proved to a jury does not violate *Blakely* is because the United States Supreme Court has made that an exception. When it decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 2355, 147 L.Ed.2d 435 (2000), it specifically declined to overrule its prior decision in *Almendarez-Torres v. United States,* 523 U.S. 224 (1998), which allowed the fact of a prior conviction to be found by the judge alone, thus protecting a criminal defendant from exposure to the jury of his prior convictions.     Thus the determination that the maximum sentences did not violate *Blakely* was an objectively reasonable application of the *Blakely* line of cases.

Petitioner also complains that he was sentenced to consecutive sentences, asserting that also

violates *Blakely*. However, as Respondent points out and the Court of Appeals held, Ohio law provides "When a trial court imposes a prison term for a violation of R.C. 2921.33(B) that prison term must be consecutive to any other prison term previously or subsequently imposed upon the offender. See R.C. 2929.14(E)(3); see, also, *State v. Burgin,* 1st Dist. No. C-020755, 2003-Ohio-4952, at ¶10." (Opinion, Ex. I to Doc. 4, at 2-3) That holding is of course a matter of state law on which the state court decision is controlling. However, it also does not run afoul of *Blakely* because the necessary determination – that Petitioner was guilty of both offenses – was made by the jury.

In sum, the Petition herein is without merit and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

December 28, 2007.

                                                        s/ **Michael R. Merz**
                                                        Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond

to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).