```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

CLARENCE PARKER,                :
      Petitioner,         :    NO. 1:07-cv-00248
                          :
                          :    **OPINION AND ORDER**
  v.                        :
                          :
                          :
ERNIE MOORE,                    :
      Respondent.         :
                          :
                          :

      This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Petitioner's habeas corpus petition be DENIED (doc. 6), and Petitioner's objections thereto (doc. 8). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

      Petitioner was convicted in the Hamilton County Common Pleas Court of one count of failure to comply with an order or signal of a police officer in violation of Ohio Revised Code § 2921.331(B) and one count of vehicular assault in violation of Ohio Revised Code § 2903.08(A)(2), and then sentenced to the maximum term of incarceration, five years, on each count and ordered to serve those sentences consecutively (doc. 6). Petitioner appealed unsuccessfully to the First District Court of Appeals and the Ohio Supreme Court declined to exercise jurisdiction (Id.).

      Thereafter, on March 27, 2007, Petitioner brought this habeas corpus action, pursuant to 28 U.S.C. §2254, to obtain relief

from the sentence of incarceration he is currently serving (doc. 1).  He asserted one ground for relief: that the trial court erred in sentencing him to a period greater than what a jury verdict alone will authorize under state law, relying on the United States Supreme Court decision in Blakely v. Washington, 542 U.S. 296 (2004) (Id.).

On December 28, 2007, the Magistrate Judge issued a Report and Recommendation, recommending that the petition be dismissed with prejudice (doc. 6).  The Magistrate Judge reached this conclusion because the federal court must defer to all state court decisions that are neither clearly contrary to nor objectively unreasonable applications of the federal law (doc. 6, citing Machacek v. Hofbauer, 213 F.3d 947, 953-54 (6th Cir. 2000)), and here, reasonable jurists would not disagree that the petition is made without merit (doc. 6).  The Magistrate Judge noted that the First Circuit Court of Appeals considered Petitioner's Blakely claim on the merits and found that the trial judge's reliance on Petitioner's prior felony convictions to justify the maximum sentence did not violate Blakely (Id.).  Likewise, the Magistrate Judge found that Petitioner's consecutive sentences did not run afoul of Blakely because the necessary determination was made by the jury (Id.).

Petitioner objects to the Magistrate's Report and Recommendation, asserting that his sentence should not have been

increased beyond the statutory minimum, because the maximum sentence is an objectively unreasonable application of the Blakely line of cases and his prior felony convictions are insufficient standing alone under state law to justify the maximum sentence (doc. 8).

The Court finds Petitioner's objection without merit. Petitioner argues that his sentence should not have been extended beyond the minimum based on Blakely v. Washington, 542 U.S. 296 (2004). The Court held in Blakely that a fact must be pled in the indictment and proved beyond a reasonable doubt in order to increase a sentence beyond the legislatively-mandated guideline. Petitioner argues that his prior felony convictions were insufficient to justify a maximum sentence according to Blakely, because they were not charged in the indictment and proven to a jury beyond a reasonable doubt (doc. 8). However, reliance on a prior conviction not proved to a jury does not violate Blakely because the United States Supreme Court created an exception when it decided Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court decided to continue to allow the fact of a prior conviction to be found by the judge alone, keeping it from the jury, as a way of protecting a criminal defendant. Id. Thus, it was an objectively reasonable application of the Blakely line of cases to find that the maximum sentence imposed in this case did not violate Blakely. Therefore, Petitioner's objection is

overruled.

Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 6), and thus DENIES Petitioner's Petition for Writ of Habeas Corpus (doc. 1), and DISMISSES this case from its docket.  Further, the Court DECLINES to issue a certificate of appealability because the Court does not find that Petitioner has demonstrated "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (internal quotations omitted). Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this Order will not be taken in good faith, and any application to appeal in forma pauperis will be denied.

SO ORDERED.

Dated: June 3, 2008          /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge